1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven J. Bandusky,<br><br>      Plaintiff,<br><br>vs.<br><br>The Boeing Company,<br><br>      Defendant. | No. CV 06-2786-PHX-EHC<br>No. CV 07-1945-PHX-EHC<br><br>**ORDER** |

      Defendant has filed a Motion to Consolidate Matters (Dkt. 30) which is fully briefed (Dkt. 34 & 36). Plaintiff pro se has filed a Motion for Clarification (Dkt. 41) of the Court's Order filed on November 15, 2007 (Dkt. 39 - Order), a Motion (First Request) for Settlement Conference (Dkt. 42), and a Motion for Order to Compel (Dkt. 44) to require Defendant to participate in an initial telephone conference.

      Defendant moves to consolidate <u>Steven J. Bandusky v. The Boeing Company</u>, Case No. CV 07-1945-PHX-NVW, with the instant case. Defendant argues that these two cases should be consolidated because they involve the same parties and factual allegations and arise from the same transaction and events.

      Plaintiff has filed an Objection to Defendant's Motion to Consolidate (Dkt. 34). Plaintiff argues that although the cases arise from the same event, the causes of action are not related. In CV 07-1945-PHX-NVW, Plaintiff has asserted a claim for wrongful termination of employment under Arizona law while in the instant case Plaintiff's claims involve federal

1  law. Plaintiff argues that Defendant's Motion to Consolidate is "an attempt to thwart justice
2  and should not be allowed" (Dkt. 34, p. 2).

3  Plaintiff filed the Complaint in the present case on November 21, 2006 (Dkt. 1).
4  Plaintiff alleges that he was employed by Defendant for a number of years, that he suffers
5  from disabling migraine headaches and that his request for a reasonable accommodation
6  (request to work from home) was denied. Plaintiff alleges that his employment with
7  Defendant was terminated on March 1, 2006.  Plaintiff has asserted claims based on the
8  Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Age Discrimination in
9  Employment Act, 29 U.S.C. § 621, et seq.  Plaintiff alleges receipt of a right-to-sue letter
10 dated August 25, 2006 (EEOC Charge # 540-2006-02628).  Plaintiff filed a Notice of Right
11 to Sue (with attached letter) at Dkt. 3. Plaintiff seeks total damages of  $1,970,000.00.
12 Jurisdiction is based on federal question.  28 U.S.C. § 1331.

13 Civil Action No. 07-1945-PHX-NVW was originally filed in the Superior Court of
14 Maricopa County, State of Arizona, and removed to the District of Arizona on October 11,
15 2007.  In this removed case,  Plaintiff pro se asserts state law claims for breach of implied
16 employment contract and disability discrimination under Arizona law. Plaintiff alleges that
17 he suffers from migraine headaches, that Defendant's personnel conspired to wrongfully
18 terminate his employment while he was under a physician's care not to return to work, and
19 that the employment termination was effective March 1, 2006.  Plaintiff alleges receipt of a
20 right-to-sue letter dated August 25, 2006 (EEOC Charge # 540-2006-02628).  Plaintiff seeks
21 total damages of $1,970,000.00.  Jurisdiction is based on diversity.  28 U.S.C. § 1332.

22 The claims alleged in both cases arise from substantially the same event, are based on
23 substantially the same factual circumstances, and involve common questions of law.
24 Consolidation of the two cases is appropriate under Fed.R.Civ.P. 42(a) and LRCiv 42.1.
25 Litigating these cases before the same judge as a consolidated case will avoid unnecessary
26 litigation costs and preserve judicial economy.  Defendant's Motion to Consolidate (Dkt. 30)
27 will be granted.

28

- 2 -

1  Plaintiff has moved for clarification of that part of the Court's November 15, 2007
2  Order (Dkt. 39) which stated that Plaintiff proceeding pro se may request appointment of
3  counsel by filing an appropriate motion.  Plaintiff's Motion for Clarification will be granted
4  to the extent as follows.  In certain circumstances, the Court may appoint counsel under 28
5  U.S.C. § 1915(e)(1)  to represent any person unable to afford an attorney. The Court first
6  must consider whether the plaintiff's claims seem likely to be of substance.  The Court then
7  considers other relevant circumstances, including the plaintiff's ability to investigate the
8  crucial facts, the plaintiff's ability to present the case, the complexity of the legal issues, and
9  any special reason why appointment of counsel would be more likely to lead to a just
10 determination.

11  If Plaintiff desires to seek appointed counsel, Plaintiff may file a Motion for
12 Appointment of Counsel within twenty (20) days of this Order.  Plaintiff should support his
13 Motion for Appointment of Counsel by filing **ex parte** (for the Court only; no copy required
14 to be served on Defendant) and **under seal** (to ensure confidentiality) Plaintiff's affidavit of
15 financial circumstances showing that Plaintiff cannot afford to hire an attorney.

16  In his Motion (First Request) for Settlement Conference (Dkt. 42), Plaintiff has
17 requested that Defendant contact Plaintiff by telephone to discuss possible resolution of the
18 parties' differences. Plaintiff's related Motion to Compel (Dkt. 44) seeks an Order requiring
19 Defendant to participate in a telephone conference.  The Court's Order (Dkt. 39) provided
20 that either party may file a motion requesting a settlement conference before a Magistrate
21 Judge. Plaintiff has not requested a settlement conference before a Magistrate Judge.
22 Plaintiff's Motion (First Request) for Settlement Conference (Dkt. 42) and his related Motion
23 to Compel (Dkt. 44) will be denied.

24  Accordingly,

25  **IT IS ORDERED** that Defendant's Motion to Consolidate Matters (Dkt. 30) is
26 granted.

27
28

**IT IS FURTHER ORDERED** that Steven J. Bandusky v. The Boeing Company, Case No. CV 07-1945-PHX-NVW, shall be consolidated with Steven J. Bandusky v. The Boeing Company, Case No. CV 06-2786-PHX-EHC.  All future filings relating to these cases shall be filed in Civil Action No. 06-2786-PHX-EHC which is the lead case. The parties are directed to caption future filings as shown above in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification (Dkt. 41) is granted to the extent set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff may file a Motion for Appointment of Counsel within twenty (20) days of this Order. Plaintiff should support his Motion for Appointment of Counsel by filing **ex parte** (for the Court only; no copy required to be served on Defendant) and **under seal** (to ensure confidentiality) Plaintiff's affidavit of financial circumstances showing that Plaintiff cannot afford to hire an attorney.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (First Request) for Settlement Conference (Dkt. 42), which seeks a telephone conference with Defendant, and related Motion to Compel (Dkt. 44) are denied.

DATED this 20th day of December, 2007.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge